# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| ANDREW BANKS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO. 1:15-cv-00400-SLC |
| | ) |
| COMMISSIONER OF SOCIAL SECURITY, *sued as Nancy A. Berryhill, Acting Commissioner of Social Security*, | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

Before the Court is Plaintiff Andrew Banks's motion to recover attorney's fees in the amount of $10,393.00 under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, together with supporting documents.[1] (DE 27; DE 28). Defendant Commissioner of Social Security ("Commissioner") opposes the amount of Banks's fee request, arguing that: (1) the 54.7 hours billed by Banks's counsel in the district court litigation were not reasonably expended; and (2) that counsel should have calculated their hourly rates using the cost of living adjustment for the geographic region where the case was litigated, rather than the national rate. (DE 33). Banks timely filed a reply brief (DE 34), and thus the motion is ripe for ruling.

For the following reasons, Banks's motion for EAJA fees will be GRANTED.

---

[1] Banks's motion sought $10,393.00 for 54.7 hours of attorney time. Banks has since incurred an additional 3.2 hours in preparing his reply brief to the instant motion (DE 34 at 15), an amount which the Commissioner does not challenge. Therefore, Banks's requested EAJA fee award has now increased to $11,001.00 for 57.9 hours of attorney time.

### A. Applicable Legal Standard

Under the EAJA, "[e]xcept as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . brought by or against the United States . . . unless the court finds that the position of the United States was substantially justified . . . ." 28 U.S.C. § 2412(d)(1)(A). Here, the Commissioner does not raise a substantial justification argument in response to Banks's fee request. Rather, the Commissioner challenges the number of hours expended by Banks's counsel in this litigation and the cost of living index used by counsel when calculating their hourly rate. The Court will address each of these arguments, in turn.

### B. The Number of Attorney Hours Billed

Banks, as the fee applicant, bears the burden of proving that the EAJA fees sought are reasonable. *See* 28 U.S.C. § 2412(d)(1)(B); *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). Factors the Court should consider in evaluating the reasonableness of a fee request are:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Hensley*, 461 U.S. at 430 n.3.

"Hours that are not properly billed to one's *client* also are not properly billed to one's *adversary* pursuant to statutory authority." *Id.* at 434 (citation omitted). "As a result, the

prevailing party should make a good-faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary." *Davenport v. Astrue*, No. 2:07-CV-0064-PRC, 2008 WL 2691115, at *7 (N.D. Ind. July 3, 2008) (citing *Hensley*, 461 U.S. at 434). "The amount of a fee award is left to the discretion of the district court because of its 'superior understanding of the litigation and the desirability of avoiding frequent appellate review of what essentially are factual matters.'" *Id*. (quoting *Hensley*, 461 U.S. at 437).

The Commissioner argues that Banks fails to meet his burden of showing that the 54.7 hours billed by his attorneys were reasonably expended. (DE 33 at 3). The Commissioner contends that the hours were excessive given that: (1) the two arguments that Banks advanced in his appeal were not complex or novel legal issues, but rather, were issues commonly litigated in Social Security cases; (2) the administrative record in this case was only 416 pages, of which just 87 pages were medical records; and (3) some of the medical records were of limited relevance in that they related to Banks's medical issues in 2009 and early 2010, while he was still working and prior to his alleged onset date in December 2010. (DE 33 at 3).

Given the length of the administrative record, the Commissioner challenges the 29 hours that Banks's counsel spent on his opening brief. (DE 33 at 3). The Commissioner further observes that the facts and procedural history section of Banks's opening brief was 17 pages, but the argument section was just half of that, eight pages. (DE 33 at 3). The Commissioner also believes that the 17.5 hours counsel spent on Banks's reply brief and the 3.8 hours spent on his EAJA fee petition and supporting brief are excessive, noting that many of the arguments are

identical to those presented by Banks's counsel in their other Social Security cases.[2] (DE 33 at 3). As the Commissioner sees it, Banks's lead counsel has extensive experience in litigating Social Security cases, which should reasonably translate to efficiencies in presenting arguments to the Court. (DE 33 at 3). For all of these reasons, the Commissioner asks that the Court deduct 10 hours of attorney time from Banks's fee request. (DE 33 at 4).

The Commissioner's arguments, however, are not persuasive. "To begin with, a 400-page administrative record is not short." *Monk v. Colvin*, No. 2:15-cv-233, 2016 WL 4445659, at *2 (N.D. Ind. Aug. 23, 2016) (citations omitted). And even if some medical records were less relevant to the appeal than others due to the date the medical care was administered, "[Banks's] attorneys had to sift through everything to separate the wheat from the chaff." *Id*. Furthermore, this is *not* a case where Banks's counsel also represented him at the administrative level (DE 28 at 8); thus, counsel had to review the administrative record for the first time during the district court litigation. *See Seefeldt v. Colvin*, No. 14-CV-320, 2016 WL 5793683, at *1 (E.D. Wis. Sept. 30, 2016) ("[C]ounsel did not represent [the claimant] at the administrative level and therefore had to familiarize herself with the record.").

Moreover, although the Commissioner argues that the issues raised in this case were routine and that counsel could have reviewed the record and drafted the opening brief in less time, the Commissioner "has identified nothing in the [opening] brief that could have been eliminated[.]" *Monk*, 2016 WL 4445659, at *2; *see Staley v. Berryhill*, No. 4:15-cv-00178-TAB-RLY, 2017 WL 2181151, at *1 (S.D. Ind. May 18, 2017) ("[T]he Commissioner fails to identify

---

[2] As stated earlier, Banks's counsel spent an additional 3.2 hours preparing the EAJA reply brief (DE 34 at 15), but the Commissioner does not challenge these hours. *See, e.g.*, *Salaam v. Astrue*, No. 08-C-0238, 2009 WL 382747, at *2 (E.D. Wis. Feb. 10, 2009) (collecting cases and concluding that the 5.6 hours that counsel spent on the EAJA reply brief was reasonable).

4

any factual or procedural background that Staley should have omitted." (citation omitted)). In fact, "most social security cases do not present particularly complex legal issues, but that does not mean that providing a thorough exegesis of the record, pointing out various pieces of evidence that the administrative law judge overlooked or misrepresented, and explaining why those oversights are material to the outcome does not take time." *Monk*, 2016 WL 4445659, at *2 (citation omitted).

Here, counsel spent 29 hours reviewing the record and preparing the opening brief, which is well within the range of the number of hours courts have considered reasonable for preparing an opening brief in a Social Security case. *See, e.g.*, *id*. (finding 37.6 hours spent reviewing the record and drafting the opening brief "on par with the time that other courts in this circuit have found reasonably expended during the initial stage of a social security appeal" (citations omitted)); *Verlee v. Colvin*, No. 1:12-CV-45-TLS, 2013 WL 6063243, at *9 (N.D. Ind. Nov. 18, 2013) (approving 36.4 hours spent preparing an opening brief); *Garcia v. Colvin*, No. 1:11-cv-00165, 2013 WL 1343662, at *2 (N.D. Ind. Apr. 3, 2013) (approving 37.75 hours spent reviewing the transcript, researching, and preparing an opening brief that raised six arguments); *Burke v. Astrue*, No. 08 C 50136, 2010 WL 1337461, at *3 (N.D. Ill. Mar. 31, 2010) (concluding that 34.4 hours was a reasonable amount of time to expend reviewing the transcript, researching, and drafting a 13-page opening brief that raised five issues); *Upperton v. Barnhart*, No. 02-C-0534-C, 2003 WL 23185891, at *2 (W.D. Wis. Nov. 13, 2003) (determining that it was not unreasonable for two attorneys to spend 37.1 hours, which included 11.1 hours drafting the facts section, reviewing a 499-page transcript, and drafting and revising a 32-page brief that advanced seven arguments).

As to the reply brief, while 17.5 hours of attorney time may be on the high side in a case involving two arguments and a 416-page transcript, it still is not patently unreasonable. *See, e.g.*, *Groskreutz v. Barnhart*, No. 02-C-454-C, 2005 WL 567814, at *2 (W.D. Wis. Feb. 28, 2005) (while spending nearly 20 hours on a 10-page reply brief was on the high side, it was not unreasonable); *Garcia*, 2013 WL 1343662, at *4 (expending 23 hours on a 15-page reply brief was not "patently unreasonable"); *Copeland v. Astrue*, No. 2:11-cv-363, 2012 WL 4959482, at *1-2 (N.D. Ind. Oct. 17, 2012) (finding it reasonable to spend 15 hours drafting and researching a reply brief). Likewise, while spending 3.8 hours on preparing an EAJA fee petition may also be on the high side, the Court does not find it patently unreasonable either. *See, e.g.*, *Martinez v. Astrue*, No. 08-C-2, 2008 WL 4722335, at *1 (E.D. Wis. Oct. 24, 2008) (collecting bases concerning the attorney time spent preparing EAJA fee petitions).

In sum, the Court finds the 57.9 hours of attorney time billed in this case to be within the range that courts in this Circuit consider reasonable. *See, e.g.*, *Spaulding v. Astrue*, No. 08 C 2009, 2011 WL 1042580, at *3 (N.D. Ill. Mar. 22, 2011) (collecting cases and finding that 56.4 hours of attorney time "is within the permissible range of social security cases, namely, 40 to 60 hours"). Therefore, the Court will not arbitrarily reduce the number of attorney hours sought by Banks. *See Monk*, 2016 WL 4445659, at *2 (concluding that on the circumstances presented, any reduction in time would be "arbitrary" and "beyond [the court's] authority" (citation omitted)).

### C. *The Hourly Rate Billed by Banks's Attorneys*

The Commissioner also argues that the enhanced hourly rate of $190 that Banks's attorneys seek is not warranted. Banks explains that the $190 per hour is a "slightly reduced

6

amount" from the "All Urban" average of the Consumer Price Index ("CPI"), which is $192.68 per hour. (DE 28 at 6). The Commissioner argues, however, that the attorneys should have calculated their enhanced hourly rates using the cost of living increase for the "Midwest Urban" average of the Consumer Price Index ("CPI"), which is $186.32 per hour, thereby measuring the increase in cost of living on a regional, rather than a national, basis. This would reduce the attorneys' requested hourly rate by $3.68, that is, from $190.00 to $186.32. (DE 34 at 2).

While it is clear that "[c]ourts should generally award the inflation-adjusted rate according to the CPI, using the date on which the legal services were performed," *Sprinkle v. Colvin*, 777 F.3d 421, 428 (7th Cir. 2015) (citation and footnote omitted), the Commissioner has not provided the Court with any authority as to why the "Midwest Urban" average, rather than the "All Urban" average, is the appropriate tool on which to rely. District courts within the Seventh Circuit "have used both regional and [the national index], without a clear preference for either." *Rodriguez v. Colvin*, No. 11 C 5637, 2013 WL 5221335, at *3 (N.D. Ill. Sept. 16, 2013) (collecting cases). In *Sprinkle*, the Seventh Circuit declined to resolve the split in the circuit concerning the use of the two indexes, "leav[ing] it to the discretion of the district courts whether to adopt the national or regional index in specific cases." 777 F.3d at 428 n.2.

"Regardless of whether the national CPI or the regional CPI is used, the claimant 'must produce evidence that the rate they request is in line with those prevailing in the community for similar services by lawyers of comparable skill and experience.'" *Monk*, 2016 WL 4445659, at *3 (quoting *Sprinkle*, 777 F.3d at 428-29). Here, Banks submitted an affidavit from another attorney, Andrew P. Sheff, who represents claimants in social security appeals or comparable cases, setting forth that attorney's hourly rates. (DE 27-3). This evidence supports Banks's

7

motion for fees at the hourly rate requested. Furthermore, the hourly rate that Banks seeks is comparable to the hourly rates approved by other judges in this district. *See Monk*, 2016 WL 4445659, at *3 (awarding an hourly rate of $190); *Ruiz v. Colvin*, No. 2:14-cv-69, 2016 WL 2908287, at *2 (N.D. Ind. May 18, 2016) (awarding an hourly rate of $191.25). Moreover, the difference in the hourly rates using the "All Urban" CPI and the "Midwest Urban" CPI equates to a relatively small amount overall.

Consequently, considering the lack of clarity in the case law about the appropriate CPI, and because the requested rates are consistent with enhanced hourly rates previously awarded by judges in this district, the hourly rate requested by Banks, which was calculated using a slightly-reduced rate from the "All Urban" CPI, will be approved.

### D. *Payment of the EAJA Fee Award*

As a final matter, Banks contends that the EAJA fee award should not be subject to offset for any pre-existing debt he may owe to the Government, and that the award should be directly paid to his counsel pursuant to the Assignment of Equal Access to Justice Act Fee Award to the De La Torre Law Office LLC executed by Banks and his attorneys on December 11, 2015 ("the Assignment"). (DE 27-4). Banks makes various arguments in support of his request, including that while *Astrue v. Ratliff*, 560 U.S. 586, 593 (2010), dictates that *judgments* for EAJA fees must be rendered to litigants, it does not forbid courts from directing *payment* of a litigant's EAJA judgment to his counsel pursuant to a valid assignment of such EAJA fees. (DE 28 at 9-20).

The Court is not persuaded by Banks's attempted parsing of the language in *Ratliff* or his other assertions concerning the Anti-Assignment Act and the Judgment Setoff Act. Courts in

8

this Circuit have repeatedly interpreted *Ratliff* as requiring that EAJA fee awards belong to the litigants, and not the attorneys, and that such fee awards are subject to offset to satisfy any pre-existing debt that the litigant may owe the Government. *See, e.g.*, *Williams v. Colvin*, No. 16-CV-586-JPS, 2017 WL 384335, at *1 (E.D. Wis. Jan. 25, 2017); *Misener v. Colvin*, No. 1:12-CV-036 JD, 2013 WL 6062709, at *7 (N.D. Ind. Nov. 18, 2013); *Walton v. Colvin*, No. 1:12-cv-688-JMS-TAB, 2013 WL 1438103, at *4 (S.D. Ind. Apr. 9, 2013); *Mireles v. Astrue*, No. 10 C 6947, 2012 WL 4853065, at *5-6 (N.D. Ill. Oct. 11, 2012); *Tadros v. Astrue*, No. 10 C 7074, 2012 WL 965090, at *4 n.2 (N.D. Ill. Mar. 21, 2012). This Court is not willing to hold to the contrary of such weight of authority.

Moreover, in *Matthews-Sheets v. Astrue*, the Seventh Circuit, in *dicta*, read *Ratliff* to suggest "that if there is an assignment, the only ground for the district court's insisting on making the award to the plaintiff is that the plaintiff has debts that may be prior to what she owes her lawyer." 653 F.3d 560, 565 (7th Cir. 2011), *overruled on other grounds by* 777 F.3d 421 (7th Cir. 2011). Here, the Commissioner states that if it can verify that Banks owes no pre-existing debt to the Government subject to offset, then it will make the award payable to Banks's counsel. (DE 33 at 9). The Commissioner's proffered approach, which this Court has repeatedly employed in past cases, is in line with *Matthew-Sheets* in that this case could be one where "the plaintiff has debts that may be prior to what she owes her lawyer."[3] 653 F.3d at 565; *see also Wickens v. Shell Oil Co.*, 620 F.3d 747 (7th Cir. 2010) (citing *Ratliff* for its "holding that an award of fees under the [EAJA] is payable to the litigant, not to the attorney, and thus is

---

[3] The Commissioner explains that until the Court enters the amount of the EAJA fee award, it is impractical to check with the Treasury Department as to whether Banks owes any pre-existing debt to the Government, as the Treasury Department's information can change on a daily basis. (DE 33 at 6-9).

9

available to offset a debt to the government"). As such, the Court will order the same in this case. Therefore, provided that the Commissioner can verify that Banks does not owe any pre-existing debt to the Government subject to offset, then the EAJA fee award is to be paid directly to Banks's attorneys pursuant to the Assignment between Banks and his counsel.

### *E. Conclusion*

For the foregoing reasons, the Court GRANTS Banks's Motion for Attorney's Fees (DE 27) in so far as the Commissioner shall pay an award of attorney's fees in the amount of $11,001.00 to Banks within 70 days of this Opinion and Order. If counsel for the Commissioner can verify that Banks does not owe any pre-existing debt to the Government subject to offset, the Commissioner shall direct that the award be made payable directly to Banks's attorneys pursuant to the Assignment between Banks and his attorneys (DE 27-4).

SO ORDERED.

Entered this 23rd day of August 2017.

/s/ Susan Collins
Susan Collins
United States Magistrate Judge